UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br><br>JAMES EDWARD BROWN,<br><br>Defendant. | Criminal No. 01-217 (02) (ADM)<br><br><br>**MOTION FOR SENTENCE REDUCTION PURSUANT TO § 3582(c) AND § 3553(a)** |

Mr. Brown, through counsel, moves the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c), U.S.S.C. § 1B1.10, and the new guidelines applicable in crack cocaine cases, found at U.S.S.C. § 2D1.1. We seek a hearing on this motion, and ask that Mr. Brown be present for the hearing.

Mr. Brown first urges the Court that a simple application of the amended guidelines results in sentencing ranges of 140-175 or 151-188 months. Further, Mr. Brown moves the Court for a full resentencing and a greater reduction than two levels, based on an analysis of the factors set forth in 18 U.S.C. § 3553(a).

## I. A Basic Application of 18 U.S.C. § 3582(c) and U.S.S.G. §§ 1B1.10 and 2D1.1 Supports a Sentence at Offense Level 29, a Two-Level Reduction.

The United States Sentencing Commission recently reduced the guidelines applicable to crack cocaine cases and made those reductions retroactive. U.S.S.G. § 1B1.10 and § 2D1.1. When the new guidelines are applied to James Brown's case, his

total offense level is reduced from 31 to 29. Because he had 13 criminal history points, he was placed in criminal history category VI; the old guideline range was 188-235 months. One of Mr. Brown's criminal history points, described at ¶ 32 of the PSI, was for disorderly conduct, for which he received one year of probation. Under § 4A1.2(c), of the current guidelines, that point would not apply were he to be resentenced today. The result would reduce his Criminal History Category to V.[1]

At the new offense level of 29, the guidelines suggest a range of 140-175 months at Category V, and 151-188 months at Category VI. At Mr. Brown's original sentencing, the Court sentenced him to 188 months, the bottom of the range then applicable. If the Court upon resentencing embraced a sentence at the bottom of the new range, the resulting sentence would be 140 or 151 months.

Mr. Brown respectfully urges the district court to grant him the full reduction contemplated by the new guidelines, if not an even greater reduction as discussed below. First, Mr. Brown has grown in a positive direction during his time in prison. Although he has incurred five incident reports during his time in custody, none of these were for violence, gang affiliations or threatening conduct.

It is clear that Mr. Brown's conduct has in all other respects been commendable. He has taken advantage of his time in prison. His active engagement in his own rehabilitation, reflected in his taking advantage of the available programming, began long

[1] The obstructing legal process conviction described at ¶ 34 would likewise not count, although this would not reduce his score below Category V.

before a sentence reduction for persons convicted of crack cocaine offenses was a possibility. The Bureau of Prisons' Sentry and other data reflect his completion of courses that include drug education, Spanish, parenting, career development, real estate, health and wellness, business and sober living. He has led NA and AA groups for the past two years. He completed his GED. Copies of some of the certificates reflecting these activities have been forwarded to the Court and counsel under separate cover.

The details of Mr. Brown's original offense also support a full, two-level sentence reduction, and more. There is no allegation that Mr. Brown engaged in violence or that he possessed weapons during the course of the offense. Nor did he obstruct justice, and in contrast he accepted full responsibility for his crimes. He played an average role; no role enhancement was applied.

All of these facts support a finding by the Court that Mr. Brown will not pose a threat to public safety if a sentence reduction is granted. See § 1B1.10, application note 1(B). Instead, Mr. Brown is ready to get out, be a father to his children, find a job and take advantage of the progress he's made while in custody.

**II. A Further Reduction Is Appropriate In This Case.**

Mr. Brown urges, in the alternative, that a reduction greater than the two levels provided by the newly amended crack cocaine guidelines is appropriate, lawful, and justified by the facts of his case. Admittedly, the Commission has attempted to persuade district court judges that a sentence reduction to a point below the newly calculated

guideline range is not permitted unless a departure was granted at the first sentencing hearing. See § 1B1.10(b)(2)(A). However, this admonition, like the rest of the sentencing guidelines and application notes, is merely advisory.

In United States v. Booker, 543 U.S. 220, 266 (2005), the Supreme Court ruled that the sentencing guidelines could avoid constitutional concern only if they were advisory. The Court also expressly rejected a system which gave district courts discretion to impose more time but not less than that prescribed by guidelines. "[This] could impose mandatory Guidelines-type limits upon a judge's ability to reduce sentences, but it would not impose those limits upon a judge's ability to increase sentences. We do not believe that such one-way levers are compatible with Congress' intent." Similarly, in Kimbrough v United States, 128 S. Ct. 558, 570 (2007), the Court noted that the guideline amendment applicable in crack cocaine cases was only a modest change and a partial remedy for overly harsh crack sentences. The Court's jurisprudence now requires district courts to examine the factors set forth in § 3553(a), consider the sentencing guidelines as advisory, and impose a sentence as sufficient but not greater than necessary to satisfy the goals of sentencing.

U.S.S.G. § 1B1.10's purported limitations on the Court's power to grant a reduction greater than that suggested by the new guidelines are advisory in precisely the same way that the guidelines generally are. In order to resentence him pursuant to 18 U.S.C. § 3582(c), the Court must of course calculate the new guidelines. It must then

consider all of the factors in § 3553(c) to determine an appropriate sentence. See United States v. Hicks, 472 F.3d 1167, 1170 (9th Cir. 2007)("Because a mandatory system is no longer an open choice, district courts are necessarily endowed with the discretion to depart from the Guidelines when issuing new sentences under § 3582(c)."); United States v. Mihm, 134 F.3d 1353, 1355 (8th Cir. 1998)(district court must consider statutory sentencing provisions in existence at time of § 3582(c) resentencing).

The government will likely argue that Mr. Brown's argument is unpersuasive because Hicks and Mihm do not address the new amendments to § 1B1.10, in which the Sentencing Commission attempts to explicitly limit crack resentencings to two-levels and no more. However, as the court foresaw in Hicks, advisory guidelines and policy statements like those found in § 1B1.10 cannot limit statutory mandates to consider all of the provisions in § 3553(a) without returning to an unconstitutional mandatory guidelines system.

In sum, Mr. Brown respectfully urges that the district court has the authority, derived from 18 U.S.C. 3582(c) and § 3553(a) to grant a greater sentencing reduction than the two levels plainly permitted by the retroactive guidelines. He prays that the Court consider using this discretion to grant him a reduction to a period of "time served." Such a sentence would still exceed the 120 month mandatory minimum applicable in his case, and would sufficiently punish his offense. It would also deter future criminal

conduct by Mr. Brown and others. It is enough to deter and punish but not greater than necessary.

**III. Conclusion**

In sum, Mr. Brown prays that the Court reduce his sentence. We suggest that a basic application of the new retroactive guidelines could and should result in a reduction to a sentence of 140 0r 151 months. Further, we encourage the Court to use its sentencing discretion and reduce his sentence further to a period of time served.

Dated: July 21, 2008

Respectfully submitted,

*s/ Andrew H. Mohring*

______________________________

ANDREW H. MOHRING
Attorney No. 190731
Attorney for Defendant
Office of the Federal Defender
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415