UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 01-217(ADM)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JAMES EDWARD BROWN,<br>Defendant. | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE |

The United States of America, by and through its attorneys, Frank J. Magill, Jr., United States Attorney for the District of Minnesota, and David Steinkamp, Assistant United States Attorney, hereby submits its response to Defendant James Edward Brown's Motion for Reduced Sentence.

Defendant seeks a reduction of his sentence, arguing that he is entitled to a two-point reduction of his guideline range due to the crack cocaine disparity sentencing change made by the guideline commission. Further, the defendant argues that he be re-sentenced to time served pursuant to a *de novo* review of his original sentence under 18 U.S.C. 3553(a). Defendant's motions should be granted in part and denied in part.

The government does not oppose a reduced sentence under Section 3582(c)(2). The government agrees that the defendant is

entitled to have his base offense level reduced from level 31 to level 29, resulting in a new guideline range of 151-188 months imprisonment. The government agrees that a reduction of the defendant's sentence to 151 months is appropriate.

The government does not agree that the court should conduct a *de novo* review of the defendant's sentence, and apply 3553(a) factors at this time. Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a sentence of imprisonment based on "a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The reduction of a sentence under § 3582(c)(2) is not automatic, but rather a matter subject to the sentencing court's discretion. A defendant has no right to be present for a hearing or to live allocution at a resentencing under § 3582(c)(2). See Fed.R.Crim.P. 43(b)(4); United States v. Franks, 31 Fed. Appx. 833 (5th Cir. 2002). Further, the resentencing authorized by the retroactive amendment and § 3582(c)(2) does not involve consideration of other matters, only those matter affected by the

retroactive amendment. See United States v. Jones, No. 522 F.3d 881, 882 (8th Cir. 2008), citing United States v. Hasan, 245 F.3d 682, 685-85 (8th Cir. 2001); USSG § 1B1.10(b)(1)(Suppl. Mar.3, 2008).

Even if the Court were to now apply the factors set forth in 18 U.S.C. 3553(a), a reduction below 151 months is not warranted. The defendant is a career offender. He has been a drug dealer since at least the age of 19, when he received his first felony for sale of cocaine. He has several felony drug convictions and has been incarcerated for much of his adult life. At the time he committed the instant offense, he had received a huge break from the state court judge who sentenced him, receiving a stayed sentence of 11 years incarceration, accompanied by thirty years probation. He was also serving a probationary sentence in Dakota County.

The government does not oppose a two-level reduction from 31 to 29, reducing the applicable guideline range from 188-235 months to 151-188 months. A sentence of 151 months is reasonable under all of the circumstances.

Dated: September 3, 2008

Respectfully submitted,

FRANK J. MAGILL, JR.
United States Attorney

s/ David P. Steinkamp

BY: DAVID STEINKAMP
Assistant U.S. Attorney